STATE V. LAUYNH

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**DUC LAUYNH,**
**Defendant-Appellant.**

NO. A-1-CA-37489

COURT OF APPEALS OF NEW MEXICO

February 14, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Christina P. Argyres, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Bennett J. Baur, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: JENNIFER L. ATTREP, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals from the district court's order revoking his probation. This Court issued a notice of proposed disposition in which we proposed to affirm. Defendant

has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     We previously set forth the relevant background information and principles of law in the notice of proposed summary disposition. We will not reiterate at length here. Instead, we will focus on the content of the memorandum in opposition.

{3}     In his memorandum in opposition to our notice of proposed disposition, Defendant does not point out specific errors in fact or law. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Nevertheless, Defendant maintains that there was insufficient evidence to establish that he willfully violated his probation. [MIO 1, 4-6] Defendant claims that the only evidence in support of the allegations that he committed the crimes of aggravated assault and being a felon in possession of a firearm was the testimony of Michael Vargas. [MIO 5-6] Defendant acknowledges that Vargas testified that Defendant pulled a gun on him after a verbal dispute over a parking space and there was video evidence that may have corroborated Vargas's testimony. [MIO 6; *see also* CN 3] Additionally, Defendant recognizes that officers found him and a firearm in an apartment. [MIO 6; *see also* CN 3] However, he asserts that there was no evidence that the firearm recovered was the firearm at issue, and he asserts he did not live at the apartment where he and the firearm were found. [MIO 6; *see also* DS 4] He further maintains that he told the officer that he had a cell phone in his hand while he was arguing with Vargas, and a cell phone—not a firearm—was found on his person. [MIO 6; *see also* CN 3]

{4}     As discussed in our notice of proposed disposition, we will not reweigh the evidence. [CN 4] *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). Therefore, for the reasons discussed above and in this Court's notice of proposed disposition, we conclude that the district court did not abuse its discretion in finding that Defendant willfully violated his probation.

{5}     Accordingly, we affirm the revocation of Defendant's probation.

{6}     **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**